## UNITED STATES *v.* BADER and others.*

*(Circuit Court, E. D. Louisiana. March, 1883.)*

1. REV. ST. §§ 5515, 5522.

   Congress had power to prohibit, and follow with penal consequences, the doing, by the officers of election for members of congress, of any act unauthorized, with the intent to affect any election or its result.

   *Ex parte Siebold,* 100 U. S. 373, followed.

   *Ex parte Clarke,* 100 U. S. 399, followed.

2. SAME—STATE LAWS AND OFFICERS.

   The state officers and state laws on the subject of election of members of congress, having been adopted by the United States, become *pro tanto* officers and laws of congress, and the conclusion of the indictment is the proper one, that the entire offense is against the form of the federal statute.

3. SAME—INDICTMENT.

   The indictment charged that the defendants were officers of an election held at a certain precinct in the city of New Orleans on the seventh day of November, A. D. 1882, for a member of congress, and that they, "being then and there officers of said election, with intent then and there to affect said election and its result," "did acts unauthorized, in this : that they, being required to keep a list of the persons then and there voting, and to swear to said list as correct, did then and there add to said list." *Held* good, and that it was unnecessary that there should have been added the words, "which they then and there, as such officers as aforesaid, kept."

On Demurrer to Indictment.

*Albert H. Leonard,* U. S. Atty., and *Charles E. Wood,* Asst. U. S. Atty., for the Government.

*John D. Rouse, William Grant,* and *J. Ward Gurley, Jr.,* for defendants.

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

BILLINGS, J. The submission to the court is upon a demurrer to an indictment. Three grounds have been urged in support of the demurrer:

(1) That congress was without power to prohibit and follow with penal consequences the doing by the officers of election for members of congress any act unauthorized, with the intent to affect any election or its result. The general doctrine that congress had authority to pass this statute, as a means of regulating and controlling the manner of electing members of congress, is settled by *Ex parte Siebold*, 100 U. S. 373, and *Ex parte Clarke*, Id. 399.

The argument here is that a merely unauthorized act cannot be made a criminal one. That, for example, a mere presentation of argument by an officer of election to induce a voter to support or cast his vote for a particular candidate would be an offense under this clause of the statute. It undoubtedly would. The object of this clause undoubtedly was to prevent any interference in a political campaign in any manner not authorized on the part of the officers of election. The reason of the prohibition undoubtedly was to secure their impartiality by thus withdrawing them from participation in the election, with a view to influence its result, beyond the official or individual acts authorized. It stands upon precisely the same ground with the prohibition of the statute against the practicing of law on the part of judges. The act in itself is innocent. The act in connection with the office constitutes the guilt. Congress deemed, and it seems to me reasonably, that elections would be purer if the election officers were prohibited from participating therein beyond the acts specially allowed by law on their part. I think the meaning and object of the prohibition clear, and that the enactment in no manner transcends the power of congress.

(2) That the conclusion is *contra formam* the statute of the United States alone. But in this forum the sovereign whose laws have been violated is the government of the United States; the state officers and state laws on this subject of election of members of congress, having been adopted by the United States, become *pro tanto* officers and laws of congress. It is as if a man, in giving a power of attorney to another, had adopted the phraseology, by reference simply, of some well-known act. The second act is merely, as between the parties to the second, the act of the principal, and the reference to the first act is merely for designation. When the attorney was sued for not performing his duties under the power, nothing would be considered but

a case where a power in the words of the adopted power had been given directly from the principal to the attorney. So here, although in the courts of the state the laws of the state would alone be regarded, in the courts of the United States it is the peace and dignity of the United States alone which is considered, and the conclusion is the proper one, that the entire offense is against the form of the federal statute.

(3) That the indictment is defective and does not comply with the settled rule of criminal pleading; that the allegations must be express and nothing be left to inference. The charge is that the defendants were officers of an election held at a certain precinct in the city of New Orleans on the seventh day of November, A. D. 1882, for a member of congress, and that they, "being then and there officers of said election, with intent then and there to affect said election and its result," "did acts unauthorized in this: that they, being required to keep a list of the persons then and there voting, and to swear to said list as correct, did then and there add to said list." The point urged is that there should have been added the words, "which they then and there, as such officers as aforesaid, kept." That is, it is urged that here is a defect in that the list to which the fraudulent addition was made was one which "they were required by law to keep," and not one which they kept.

Admitting for the sake of argument that this analysis is correct, the question is, would it have been an offense for the accused to have added to a list which had been begun, and which by law should have been kept, (for the averment in the indictment at least means this,) but which had afterwards been wholly omitted? If to such a list a fraudulent addition of names of persons not voting had been made by the defendants with an intent to affect the election, I think it would have constituted an offense under the statute. To make a fraudulent addition to a required list of any sort of the names of persons not actually voting, with the prohibited intent, was an offense. It was still an unauthorized act, an interference with the methods and machinery of the election, done with the intent to influence it. Whether the list had been fully kept, or whether the act was such an one as in its nature would or could have influenced the result, is not the question. The act charged and set forth was an act "knowingly done by officers of an election," "at which a member of congress was voted for," "with regard to said election," "with intent to affect said election and its result," and was wholly unauthorized by any law or

authority of the United States or of the state of Louisiana, and it therefore falls within the description of the acts which the statute declares to be crimes.

The judgment of the court is that the demurrer be overruled, and that the accused be required to answer the indictment.